# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

**Courtney Adams,** as Mother and
Next Friend of K.E. and V.E.,
Minor children of Decedent, and
**Kim Huskey**, Mother of Decedent and
Personal Representative of **Estate of
Anthony Edwards**,

        Plaintiffs,

v.

**Blount County**,
**Blount County Sheriff James L. Berrong**,
In his Official Capacity,
**Unidentified Supervisor** with Sheriff's
Department in his Individual Capacity, and Official
Capacity, **Deputy Jerry Burns**, In his
Individual and Official Capacity, and
Deputy **James Patty**, In his Individual
And Official Capacity

        Defendants.

Docket No.: 3:17- CV-00313

**JURY TRIAL DEMANDED**

## OBJECTIONS TO PLAINTIFF'S LISTED EXHIBITS

Come now the defendants, by and through counsel, and in accordance with the *Amended Scheduling Order* (Doc 217) entered May 20, 2021, submit their objections to certain exhibits that Plaintiff listed on his prospective Exhibit List (Doc. 232, pgs. 2-6). While reserving any hearsay or other objections to information found within these statements, defendants state the following:

    1.    Defendants object to the admissibility and authenticity of Travis Hickam Recorded Interview by FBI along with any transcripts (Doc. 232, p. 2 ¶ 10).

    2.    Defendants object to the authenticity and admissibility of the UT Hospital

Medical Records (Doc. 232, p. 2 ¶ 14).

3. Defendants object to the admissibility of the Miranda Waivers and Statements from officer Joshua Riggle, Ryan Bumbalough, Scotty Boyd, Jerry Burns, James Patty, Michael Benett, and Allen Russell (Doc. 232, p. 2 ¶ 1). While defendants acknowledge that they have listed these exhibits as possible exhibits, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce these exhibits.

4. Defendants object to the admissibility of Deputy Michael Bennett written statement (Doc. 232, p. 3 ¶ 23). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

5. Defendants object to the admissibility of Deputy James Patty written statement (Doc. 232, p. 3 ¶ 24). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

6. Defendants object to the Blount County Sheriff's Office multiple offender sheet by Deputy Burns (Doc. 232, p. 3 ¶ 25). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

7. Defendants object to the admissibility of Deputy Ryan Bumbalough narrative to Captain Clark (Doc. 232, p. 3 ¶ 26). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

8. Defendants object to the admissibility of Deputy Riggle narrative to Captain

2

Case 3:17-cv-00313-KAC-DCP   Document 238   Filed 06/10/21   Page 2 of 5   PageID #: 2108

Clark (Doc. 232, p. 3 ¶ 27). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

9. Defendants object to the admissibility of Cpl. Russell narrative to Captain Clark (Doc. 232, p. 3 ¶ 28). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

10. Defendants object to the admissibility of the Interview with Christopher Drake along with any transcript (Doc. 232, p. 4 ¶ 32). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

11. Defendants object to the admissibility of the Interview of Ryan Bumbalough along with any Transcript (Doc. 232, p. 4 ¶ 33). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

12. Defendants object to the admissibility of the Interview of Officer Scotty Boyd along with any Transcript (Doc. 232, p. 4 ¶ 34). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

13. Defendants object to the admissibility of the Interview of Jerry Burns along with any Transcript (Doc. 232, p. 4 ¶ 35). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

14. Defendants object to the admissibility of the Interview of Josh Riggle along with any Transcript (Doc. 232, p. 4 ¶ 36). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

15. Defendants object to the admissibility of James Patty along with any Transcript (Doc. 232, p. 4 ¶ 37). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

16. Defendants object to the Interview of Officer Michael Bennett along with any Transcript (Doc. 232, p. 4 ¶ 39). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

17. Defendants object to the admissibility of the Interview of Allen Russell along with any Transcript (Doc. 232, p. 4 ¶ 40). While defendants acknowledge that they have listed this exhibit as a possible exhibit, defendants object to the admissibility by Plaintiff without knowing how Plaintiff intends to use/introduce this exhibit.

18. Defendants object to the authenticity and admissibility of the employment and tax records of Anthony Edwards (Doc. 232, p. 4 ¶ 47).

19. Defendants object to the admissibility of the report of Jack Byl (Doc. 232, p. 4 ¶ 48).

20. Defendants object to the admissibility of the CV of Dr. Hawes (Doc. 232, p. 4 ¶ 50).

21. Defendants object to the admissibility of the CV of Dr. Prospeich (Doc. 232, p. 4

¶ 51).

Respectfully submitted this 10th day of June, 2021.

O'NEIL PARKER & WILLIAMSON, PLLC

/s Gary M. Prince
Gary M. Prince, BPR# 010091
N. Craig Strand, BPR# 028381
Attorneys for Deputy Jerry Burns and James Patty,
in their individual capacities
7610 Gleason Drive, Suite 200
Knoxville, Tennessee 37919
865-546-7190
865-546-0789 fax.

/s Craig L. Garrett
Craig L. Garrett, BPR # 010227
*Attorney for Defendants Blount County, Tennessee, Blount County Sheriff James L. Berrong in his official capacity, Lt. Scotty Boyd in his official capacity, Deputy Jerry Burns in his official capacity, and Deputy James Patty in his official capacity*
607 Smithview Drive
Maryville, Tennessee 37803
(865) 984-8200

## CERTIFICATE OF SERVICE

I do hereby certify that on June 10, 2021, an exact copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s Gary M. Prince
for O'Neil, Parker & Williamson